IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL LELKO | § | |
| | § | |
| V. | § | CASE NO. 4:16-cv-966 |
| | § | |
| TRUMBULL INSURANCE COMPANY | § | |

**<u>NOTICE OF REMOVAL</u>**

Defendant Trumbull Insurance Company ("Trumbull"), through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Paul Lelko v. Trumbull Insurance Company*, Cause No. 199-05171-2016 on the docket of the 199th Judicial District Court of Collin County, Texas.  In support of this Notice of Removal, Trumbull respectfully shows the following:

1. Plaintiff Paul Lelko ("Plaintiff") commenced the state court action against Trumbull on or about November 21, 2016, by filing Plaintiff's Original Petition, Jury Demand, and Request for Disclosure (the "Petition") in the 199th Judicial District Court of Collin County, Texas.  Trumbull was served with the summons and a copy of the complaint on November 28, 2016.  Trumbull has not filed its Original Answer.

2. A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

3. The Petition avers that Plaintiff is a resident citizen of Collin County, Texas. (Pet. ¶ 1.)

4. The Petition contains no allegations regarding Trumbull's citizenship.  Plaintiff alleges that "Trumbull Insurance Company [sic] is an insurance company doing business in the

State of Texas…." (Pet. at ¶ 2.) In fact, Trumbull is a foreign defendant, organized under the laws of Connecticut with its principal place of business in Connecticut.

5. The Petition alleges that Plaintiff owns property located in Collin County, Texas (the "Property") that was insured by an insurance policy issued by Trumbull. (Pet. ¶ 7.)

6. The Petition alleges that "[o]n or around Marty 23, 2016, a storm hit the Plano, Texas area, damaging Mr. Lelko's house and other property." (Pet. ¶ 8.)

7. The Petition alleges that Trumbull improperly denied and/or underpaid the claim. "The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection." (Pet. ¶ 10 and following)

8. Plaintiff further alleges that he "seeks "monetary relief over $100,000 but not more than $200,000." (Pet. ¶ 4) This amount satisfies the minimum jurisdictional requirements of this Court.

9. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446 (b).

10. Trumbull denies the underlying facts as alleged by Plaintiff or as summarized in this Notice. Trumbull expressly denies that it has any liability to Plaintiff.

**DIVERSITY JURISDICTION**

11. This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest

and costs.  Plaintiff is a citizen of Texas.  Trumbull is a Connecticut corporation with its principal place of business in Connecticut.

12.     The amount in controversy exceeds the jurisdictional minimum of $75,000 established by 28 U.S.C. § 1332 (a).  Plaintiff alleges that he seeks "monetary relief over $100,000 but not more than $200,000" including penalties, costs, expenses, pre-judgment interest and attorneys' fees.  (Pet. at ¶ 4).

13.     Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.  No binding stipulation or affidavit was filed with the Petition.

## REMOVAL PROCEDURE

14.     Trumbull has provided the clerk of the 199th Judicial District Court of Collin County, Texas with notice of this removal.

15.     Pursuant to Local Rule 81, copies of the following documents are provided to the clerk of this Court for filing in connection with this Notice of Removal:

        a.     Index of matters being filed;

        b.     The state-court file, including all executed process, pleadings and exhibits, and state-court orders;

        c.     A list of all parties and their counsel of record.

WHEREFORE, Trumbull hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Martin R. Sadler*_____
Martin R. Sadler
Attorney-in-Charge
Texas Bar No. 00788842
Federal Bar No. 18230
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEY-IN-CHARGE
FOR TRUMBULL INSURANCE COMPANY

OF COUNSEL:

Rebecca A. Moore
Texas Bar No. 24031701
Federal ID No. 31001
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## **CERTIFICATE OF SERVICE**

 This is to certify that a true and correct copy of the above pleading has been forwarded by electronic service on this, the 19th day of December, 2016 to:

Richard D. Daly
Ana M. Ene
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098

                */s/ Martin R. Sadler*
                Martin R. Sadler