Filed: 11/21/2016 2:34:30 PM
Lynne Finley
District Clerk
Collin County, Texas
By Jaime Woods Deputy
Envelope ID: 13906451

CAUSE NO. 199-05171-2016

| | | |
|---|---|---|
| PAUL LELKO, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | COLLIN COUNTY, TEXAS |
| TRUMBULL INSURANCE COMPANY, | § § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Paul Lelko ("Mr. Lelko"), Plaintiff herein, files this Original Petition against Defendant Trumbull Insurance Company ("Trumbull") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Paul Lelko is a Texas resident who resides in Collin County, Texas.

2. Trumbull is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 2.



1

### III.
### CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### IV.
### JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Venue is proper in Collin County because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Collin County.

### V.
### FACTUAL BACKGROUND

7. Mr. Lelko is a named insured under a property insurance policy issued by Trumbull.

8. On or about March 23, 2016 a storm hit the Plano, Texas area, damaging Mr. Lelko's house and other property. Mr. Lelko subsequently filed a claim on his insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, Trumbull performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

A. **Breach of Contract**

14. Trumbull had a contract of insurance with Plaintiff. Trumbull breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

B. **Prompt Payment of Claims Statute**

15. The failure of Trumbull to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

C. **Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:



(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.



4

Plaintiff's Original Petition

21. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22. Defendant has violated the Texas DTPA in the following respects:

   (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   (2) Trumbull failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

   (3) Trumbull, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Trumbull took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

### D. Attorneys' Fees

24. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28. Pursuant to Rule 194, you are requested to disclose, within thirty (30) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Paul Lelko prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Lelko be awarded attorneys' fees through trial

and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Lelko may show himself to be justly entitled.

        Respectfully submitted,

        **DALY & BLACK, P.C.**

        By: /s/ Ana M. Ene
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        Ana M. Ene
        TBA No. 24076368
        aene@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

        **ATTORNEYS FOR PLAINTIFF PAUL LELKO**



Case 4:16-cv-00966-RAS   Document 1-3   Filed 12/19/16   Page 8 of 13 PageID #:  17



STATE OF TEXAS )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the ___ day of ___ A.D., 20 ___.

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.199-05171-2016

Paul Lelko, Plaintiff, vs. Trumbull Insurance Company, Defendant.

In the 199th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  Trumbull Insurance Company
By serving its registered agent CT Corporation System
1999 Bryan Street Suite 900 Dallas, TX 75201-3140, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 199th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Ana M Enc 2211 Norfolk Street Suite 800 Houston TX 77098 (Attorney for Plaintiff or Plaintiffs), on November 21, 2016, in this case, numbered 199-05171-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 22nd day of November, 2016.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 11/22/2016 11:35:13 AM

By: _Jaime Woods_, Deputy
Jaime Woods

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**



JAIME WOODS
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD
MCKINNEY, TX 75071-8318



9214 8901 0661 5400 0098 7265 74

**RETURN RECEIPT (ELECTRONIC)**

199-05171-2016
TRUMBALL INSURANCE COMPANY
CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TX 75201-3140



IMpbCertified8x5Label r3016 09 20 91



STATE OF TEXAS     )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the _ day of DEC A.D., 2016

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

# CIVIL CASE INFORMATION SHEET

Filed: 11/21/2016 2:34:30 PM
Lynne Finley
District Clerk
Collin County, Texas
By Jaime Woods Deputy
Envelope ID: 13906451

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: 199-05171-2016   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** PAUL LELKO VS. TRUMBULL INSURANCE COMPANY
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Ana M. Ene | Email: aene@dalyblack.com | Plaintiff(s)/Petitioner(s): PAUL LELKO | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 2211 Norfolk St., Ste 800 | Telephone: (713) 655-1405 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, Texas 77098 | Fax: (713) 655-1587 | Defendant(s)/Respondent(s): TRUMBULL INSURANCE COMPANY | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: /s/ Ana M. Ene | State Bar No: 24076368 | | Presumed Father: |

*[Attach additional page as necessary to list all parties]*

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**
*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract: _____

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract: _____

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
  ☐ Accounting
  ☐ Legal
  ☐ Medical
  ☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
  ☐ Asbestos/Silica
  ☐ Other Product Liability
  List Product: _____
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property: _____

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other: _____

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: _____

### Tax
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
  ☐ Dependent Administration
  ☐ Independent Administration
  ☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13



STATE OF TEXAS    )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the _ day of ___ A.D., 20__

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY